IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 23-158 |
| | ) | |
| DEVON FREEMAN, | ) | Honorable Robert Gettleman, |
| | ) | Judge Presiding. |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO
DISMISS INDICTMENT CHARGING DEFENDANT
WITH BEING A FELON IN POSSESSION
OF A FIREARM PURSUANT TO 18 USC § 922 (g)**

Now comes the Defendant, DEVON FREEMAN, by his attorney, Donna Hickstein-Foley, and moves this Honorable Court to dismiss the Indictment charging defendant with one count of being a felon in possession of a firearm pursuant to 18 U.S.C. §922 (g)(1). Said count is unconstitutional based on *New York State Rifle & Pistol Ass'n v. Bruen* 142 S.Ct. 2111 (June 23, 2022). In support thereof, it is stated:

The Government charged Mr. Freeman with one count of being a felon in possession of a firearm pursuant to 18 U.S.C. §922 (g)(1). Defendant challenges the constitutionality of this statute based on the recent case of *New York State Rifle & Pistol Ass'n v. Bruen* 142 S.Ct. 2111, 597 U.S. ___, (June 23, 2022) and the matter of *United States v. Holden* (No. 22-3160) currently pending in the Seventh Circuit Court of Appeals.

In the *Bruen* case, Petitioners had challenged the regulatory power of the State regarding possession of a firearm which made it a crime to possess a firearm without a license, whether

1

inside or outside the home. The New York Penal Code required an individual who wanted to carry a concealed firearm outside his home to have a license. Such a license required proof that "proper cause exists" for doing so. "Proper cause" required a demonstration of a special need for self protection which was different from that of the general community. The ***Bruen*** Court held this proper cause requirement violated the Fourteenth Amendment by preventing law abiding citizens with ordinary self defense needs from exercising their Second Amendment rights to possess a firearm in public for self defense. (Slip Op. pp. 62-63) The holding relied on ***District of Columbia v. Heller***, 554 U.S. 570 (2008) and ***McDonald v. Chicago***, 561 U.S. 742 (2010), which found the Second and Fourteenth amendments protect an individual right to keep and bear arms for self-defense.

Under ***Bruen***, the Government must present clear and unambiguous historical proof that the challenged law is consistent with this Nation's historical tradition of firearm regulation as of 1791. ***Bruen*** holds that if the Government fails to present such proof, or if the evidence of the tradition is ambiguous, or uncertain, or even close, the challenged law is unconstitutional.

In ***United States v. Holden*** (No. 22-3160) (7th Circuit), the Government charged the defendant-appellee with violating 18 U.S.C. §922 (a)(6) which made it a crime to knowingly make a false statement intended or likely to deceive with respect to any fact material to the lawfulness of the sale or other disposition of [a] firearm or ammunition under the provisions of 18 U.S.C. §922 (a)(6). Specifically, the Government alleged Appellee's statements as falsely representing he was not under indictment or information in any court for a felony offense. No. 3:22-CR-30-RLM, United States District Court for the Northern District of Indiana, South Bend Division. The district court granted appellee's challenge and dismissed the indictment based on

2

*Bruen*. Specifically, the lower court disregarded applying the means-end balancing standard and instead applied *Bruen's* reasoning that the Second Amendment's plain text covers some regulated conduct, which the Constitution presumptively protects. The Government's burden in overcoming the presumption is to affirmatively prove its firearms regulation is part of the historical tradition that "delimits" the outer bounds of the right to keep and bear arms. *Holden* district opinion citing *Bruen*, 142 S.Ct. 2111, 2127.

In finding Section 922 (n) facially violated the Constitution, the district court opinion held that an individual's attempt to receive a firearm is presumptively protected by the Second Amendment because receiving a firearm is necessarily a precursor to keeping or bearing a firearm. The district *Holden* held the Government failed to show that restricting those under indictment from acquiring firearms was consistent with "the history and tradition of firearms regulations"; that Section 922 (n) imposed an absolute prohibition and that the alleged false statement during the attempted firearm purchase was not material to the lawfulness of the sale for purposes of 922 (a)(6).

*Heller*, *McDonald* and particularly *Bruen* apply to this Defendant's challenge to the constitutionality of 18 U.S.C. §922 (g)(1). Although the section under challenge here is different than in *Bruen* and *Holden*, it is a distinction without a difference. It goes to the Government's ability to regulate firearms, a protected right. The Second Amendment does not limit its protection to "law abiding citizens" but to "the people". *Heller* expressly held "the people . . . unambiguously refers to all members of the political community, not an unspecified subset". It includes anyone who is "part of the national community." It encompasses "all Americans". *District of Columbia v. Heller*, 554 U.S. 570, 580-81 (2008). The result is that if a

3

felony conviction deprives someone of his Second Amendment right to bear arms, it would also deprive him of his First Amendment right to petition the government for redress of grievances and his Fourth Amendment right to be free from warrantless home searches. Numerous post-***Bruen*** decisions have recognized that Second Amendment protections extend to non-law abiding people, even those who have been convicted and were not merely accused of a felony. *See* ***United States v. Carrero***, 2022 WL 9348792, at *2 (D. Utah Oct 14, 2022) (convicted felons); ***United States v. Williams***, 2022 WL 18285005, at *2 (N.D.Ga. Nov. 14, 2022) (convicted felons); ***Campiti v. Garland***, 2023 WL 143173, at *3 (D.Conn.Jan.10, 2023) (convicted felons).

Similarly, the Seventh Circuit held in ***United States v. Meza-Rodriguez***, 798 F.3d 664, 669-70 (7th Cir. 2015) that the term "the people" in the Second Amendment has the same meaning as it carries in other parts of the Bill of Rights and should be interpreted "as consistent with the other amendments passed as part of the Bill of Rights." ***Id***. ***Heller*** did not limit the Second Amendment right to law abiding citizens. The ***Heller*** Court stated "*whatever else [the Second Amendment] leaves to future evaluation*, it surely elevates above all other interests the right of law abiding, responsible citizens to use arms in defense of hearth and home." 554 U.S. at 635 (emphasis added). This makes clear that its reference to law abiding citizens established a Second Amendment floor, not a ceiling (i.e., *at the very least* the Second Amendment applies to law abiding citizens.) ***Stimmel v. Sessions***, 879 F.3d 198, 204-05 (6th Cir. 2018). ***Bruen*** confirms that ***Heller*** was not meant to limit the Second Amendment right of individuals. ***Heller*** referenced law abiding, responsible citizens' right to use arms "in defense of hearth and home." Yet ***Bruen***, relying on ***Heller***, found the Second Amendment right extended outside the home.

In a remarkable case of foreshadowing the 922 (g)(1) constitutionality issue, Supreme

4

Court Justice Amy Coney Barrett, sitting in 2019 as part of a three judge panel in *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019) filed a lengthy dissent analyzing this very question. 919 F.3d at 451. *Kanter*, a pre *Bruen* case, affirmed the felon dispossession statute, holding that the statute was substantially related to an important government interest. 919 F.3d at 439. However, the majority's opinion post *Bruen* is no longer the constitutional standard.

Barrett's dissent in *Kanter* ultimately concluded the 922 (g)(1) statute was unconstitutional in its overbreadth. She reasoned that *Heller* intended the Second Amendment to refer to our national community which does not categorically exclude some classifications of individuals such as felons or the mentally ill. Barrett wrote

> Felon voting rights are a good example: a state can disenfranchise felons, but if it refrains from doing so, their rights remain constitutionally protected. So too with the right to keep and bear arms: a state can disarm certain people (for example, those convicted of crimes of domestic violence), but if it refrains from doing so, their rights remain constitutionally protected. In other words, a person convicted of a qualifying crime does not automatically lose his right to keep and bear arms but instead becomes eligible to lose it. 919 F.3d at 453 (Emphasis included)

Then Circuit Judge Coney Barrett speculated that a legislature may choose to disarm those who have demonstrated a proclivity for violence or whose possession of guns would otherwise threaten the public safety. 919 F.3d at 454. But as currently legislated to include all felons merely because of that status is overreaching under the Constitution. **Bruen** rendered 922 (g) constitutionally infirm because it reaches conduct that is constitutionally protected. Therefore, Defendant cannot be convicted of a 922 (g) offense because the statute is constitutionally overbroad.

Defendant requests the Court dismiss the single count of being a Felon in Possession of a Firearm as unconstitutional based on *Heller* and its progeny, including particularly *Bruen*.

          Respectfully submitted,

          <u>Ss//Donna Hickstein-Foley</u>
          Attorney for the Defendant

9644 South Hamilton
Chicago, IL 60643-1631
773 881 3800