IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23 CR 158 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| DEVON FREEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Defendant Devon Freeman ("Freeman") is charged with one count of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Section 922(g)(1) prohibits possession of firearms by individuals convicted of a felony. Freeman moves to dismiss the indictment because the pending charge allegedly violates his rights under the Second Amendment to the United States Constitution. For the reasons discussed below, Freeman's motion to dismiss the indictment (Doc. 27) is denied.

## BACKGROUND

Freeman filed a motion to dismiss the indictment in this case based on an alleged violation of his rights under the Second Amendment of the United States Constitution. He raises the issue based on the Supreme Court's ruling in New York Rifle & Pistol Assn. v. Bruen, 142 S. Ct. 2111 (2022), as well as United States v. Holden, No. 22-3160, which is pending before the Seventh Circuit.

Freeman is charged with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Section 922(g)(1) prohibits the possession of firearms by individuals convicted of felonies, or any person "who has been convicted in any court of, a crime punishable by

imprisonment for a term exceeding one year." According to the government, Chicago Police Department officers arrested Freeman for possession of a firearm on January 23, 2023, and he stated that he did not have a Firearm Owners Identification ("FOID") card or Illinois Concealed Carry License ("CCL") for his alleged possession. Freeman has a criminal record that includes prior felony convictions, and a federal grand jury returned an indictment against Freeman on March 21, 2023, charging him for violating 18 U.S.C. § 922(g)(1).

## LEGAL STANDARD

The Second Amendment to the U.S. Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In District of Columbia v. Heller, 554 U.S. 570 (2008), the Supreme Court determined that "the right secured by the Second Amendment is not unlimited." Id. at 626. The right extends only to "the people," which encompasses only "law-abiding, responsible" citizens who keep or bear arms for "lawful purposes." Id. at 635. Therefore, the Supreme Court determined that regulations on firearm possession by felons are presumptively constitutional due to "longstanding prohibitions on the possession of firearms by felons." Id. at 626, 627 n. 26.

Recently, however, in New York Rifle & Pistol Assn. v. Bruen, 142 S. Ct. 2111 (2022), the Supreme Court considered the meaning of the Second Amendment, and articulated an analytical framework to determine whether a firearm regulation is constitutional. The Court held that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." Id. at 2126. When the Second Amendment's plain text protects certain conduct, the government can regulate such conduct only if it can demonstrate that the regulation is consistent with the historical tradition of firearm regulation in the United

States.  Id.  Otherwise, the court must conclude that the individual's firearm-related conduct is
protected because it falls within the Second Amendment's "unqualified command."  Id.

## DISCUSSION

In the instant case, Freeman argues that § 922(g)(1) is unconstitutional on its face under
the Second Amendment pursuant to the recently articulated Bruen standard.  First, Freeman
argues that under District of Columbia v. Heller, 554 U.S. 570 (2008), the Second Amendment's
text does not limit its protection to "law abiding citizens," but instead protects "the people,"
which includes "all members of the political community."  Id. at 580–81.  He further cites United
States v. Meza-Rodriguez, 798 F.3d 664, 669–70 (7th Cir. 2015), to argue that if "the people"
protected by the Second Amendment do not include individuals with felony convictions, then his
felony conviction would deprive him of other rights, including certain rights under the First and
Fourth Amendment, that are limited to "the people."[1]

Next, Freeman argues that § 922(g)(1) violates the Second Amendment because the
government cannot point to a historical tradition of firearm regulation with respect to felony
convictions.  In support, Freeman cites now-Justice Barrett's dissent in Kanter v. Barr, 919 F.3d
437 (7th Cir. 2019), which is a pre-Bruen, decision that concluded that § 922(g)(1) is not
constitutionally overbroad.  Id. at 451.  In dissent, Justice Barrett determined that a legislature
may choose to disarm individuals who have demonstrated a proclivity for violence, or whose
possession of guns would otherwise threaten public safety, but that prohibition based on an
individual's status as a convicted felon reaches constitutionally protected conduct.  Id. at 451.

The government counters that individuals with felony convictions do not fall within the
textual purview of the Second Amendment, and even if they did, § 922(g)(1) is constitutional on

---

[1] In Meza-Rodriguez, the Seventh Circuit determined that the term "the people" in the Second Amendment has the
same meaning as in other parts of the Bill of Rights.  Id. at 670.

3

its face because the statute is consistent with the nation's longstanding history and tradition of regulating firearms.  According to the government, <u>Bruen</u> "repeatedly stressed that the right to bear arms belongs only to 'law-abiding, responsible citizens.'"  Further, the government emphasizes that the Seventh Circuit recognized pre-<u>Bruen</u> that the government could "disarm unvirtuous citizens," including individuals with felony convictions, because the right to keep and bear arms is historically tied to the "concept of a virtuous citizenry."  In support of its argument, the government notes that over 125 federal district courts have held that <u>Bruen</u> does not "cast doubt" on the federal government's ability to prohibit individuals with felony convictions from possessing firearms, especially in light of <u>Heller</u>.

The court agrees with the government.  The Supreme Court emphasized in <u>Bruen</u> that the Second Amendment right to keep and bear arms repeatedly contemplates "law-abiding" citizens, and the Court recognized in <u>Heller</u> that the government has historically regulated firearm possession by individuals with felony convictions.  Although the Seventh Circuit has not addressed this issue post-<u>Bruen</u>,[2] its prior decisions suggest that § 922(g)(1) and similar regulations are constitutional pursuant to longstanding legislative efforts to prevent dangerous or untrustworthy persons from possessing and using firearms.  See, e.g., <u>United States v. Yancey</u>, 621 F.3d 681, 683–686 (7th Cir. 2010).

---

[2]  The government notes that the defendant in <u>Atkinson v. Garland</u>, No. 1557, which remains pending before the Seventh Circuit, has challenged § 922(g)(1) as applied in his case.

## CONCLUSION

For the reasons set forth above, Freeman's motion to dismiss the indictment (Doc. 27) is denied.

ENTER:

Robert W. Gettleman
United States District Judge

DATE:   June 1, 2023

5