IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 23 CR 158 |
| | ) | |
| DEVON FREEMAN, | ) | Honorable Robert Gettleman, |
| | ) | Judge Presiding. |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION
OF THE COURT'S DENIAL OF HIS MOTION TO DISMISS
THE INDICTMENT CHALLENGING THE CONSTITUTIONALITY
OF THE FELON IN POSSESSION OF A FIREARM STATUTE BASED
ON THE RECENT RULING OF *ATKINSON V. GARLAND* (06/20/23)**

Now comes the Defendant, DEVON FREEMAN, by his attorney, Donna Hickstein-Foley, and moves this Honorable Court to reconsider its denial of his Motion to Dismiss his Indictment based on *Atkinson v. Garland*, USCA Case No. 22-1557 (June 20, 2023) (7th Circuit). In *Atkinson*, the reviewing court remanded a civil litigant's challenge to the constitutionality of the felon in possession of a firearm statute for further analysis in light of the U.S. Supreme Court's ruling in *New York Rifle and Pistol Association v. Bruen*, 142 S.Ct. 2111 (2022).

Defendant filed a motion to dismiss his one count indictment charging him as being a felon in possession under 18 U.S.C. §922 (g) (1). Defendant observed that lower courts had only resolved the constitutionality of this statute using the balance of interests analysis, i.e., the individual's right to possess a firearm and the state's commitment to promoting personal or public safety. *Bruen* held the government bears the burden of "affirmatively prov[ing] that its

1

firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127.

In remanding the case back to the district court, *Atkinson* noted

> *Bruen* leaves no room for doubt: text and history, not a means-end analysis, now define the controlling Second Amendment inquiry. See 142 S.Ct. at 2131 (emphasizing that, although "judicial deference to legislative interest balancing is understandable – and elsewhere, appropriate – it is not deference that the Constitution demands here [under the Second Amendment]"). Accordingly, when the Second Amendment's "plain text" covers the regulated conduct, the government has only one way to defend the regulation – by proving that it is "consistent with this Nation's historical tradition of firearm regulation." Id. at 2126.
> No. 22-1557, p. 3

To frame the inquiry, *Atkinson* posed a number of questions for guidance to the parties below. These questions included whether the statute addresses a general societal problem that has persisted since the 18th Century, what does history reveal about disarming convicted felons, are laws disarming other "dangerous" groups analogous under *Bruen* and if so are they supported by historical tradition and finally, if a distinction is to be drawn between violent and non violent felonies, how are they defined.

Defendant argues that the felon in possession statute post *Bruen* has only been upheld as constitutional in the lower courts on the basis of insufficient historical review or a remnant of the now discarded means-end balancing test or even simply as a matter of public policy or some hybrid combination of all three. But as *Atkinson* clearly points out, those are no longer the standard. *Bruen* establishes historical analysis as the default standard for reviewing Second Amendment cases. Defendant's position in his original motion is solidly based on the plain language of *Bruen*, which holds that if the Government fails to present a detailed analysis

2

containing historical proof, or if the evidence is ambiguous, or uncertain, or even close, the challenged law is unconstitutional. *Atkinson*'s remand follows the Court's mandate in *Bruen* that the Government has an affirmative burden here to prove its firearm regulation is part of the historical tradition that "delimits" the outer bounds of the right to keep and bear arms. *See also United States v. Holden*, USCA 22-3160, currently pending in the 7th Circuit.

 *Atkinson's* remand has found support in *United States v. Bullock*, USDC Southern District of Mississippi, 2023 WL 4232309 (filed 06/28/2023) in which the district court clearly asserted the *Bruen* review standard of historical analysis and pointedly placed the burden of proof on the Government's shoulders. The *Bullock* court found 18 U.S.C. §922 (g) (1) unconstitutional under *Bruen* and dismissed Defendant's indictment.

 While it may not be necessary in light of the majority remand, Defendant briefly addresses the *Atkinson* dissent here. This lengthy discussion attempts to cover all bases in drawing its conclusion that public policy historically supports the denial of a constitutional right under the Second Amendment. While attempting to scatter its net over a wide area starting with medieval England, its general historical summary or overview does not provide the detailed historical analysis required by *Bruen*. For example, the dissent observes that gun ownership and use in this country has always been the subject of reasonable regulation. See Page 25, Section C. Yet as seen in *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago,* 561 U.S. 742 (2010) and *Bruen*, parameters of such gun ownership have been struck down in recent years as not reasonable pursuant to the developing Second Amendment analysis by the highest court. The *Atkinson* dissent generally refers to colonial gun regulatory "topics" such as "storage", "militia" and "loyalty", without examining the specific regulations and how

they relate to societal problems and particular groups. Nor does the dissent provide any specifics on their eventual outcome, i.e., whether society at that time supported and continued to support in the ensuing years such regulations as reasonably addressing the underlying concerns. See Page 31, Section D. Although the dissent's discussion is lengthy, it is still nothing more than a general summary with a handful of cites to historical laws without further examining the impact of those laws as required by ***Bruen***. In other words, the dissent does not connect the fundamental question of the extent of limiting access or otherwise regulating firearms on the general populace and more importantly analogous groups[1] to correct society's perceived ills. Even more fundamental to the task here is whether the existence of such legislation during the period of our history was viewed as accomplishing its intended goal(s) and thus justifying limiting a constitutional right.

Respectfully, the Defendant argues that the Court here in denying his motion to dismiss erred in relying on assumptions that ***Heller*** and ***Bruen*** had already concluded that the Second Amendment only applied to "law abiding" citizens. ***Bruen*** requires an historical analysis on the subset group of felons and this analysis has not occurred.[2] To say that the ***Bruen*** Court already decided the issue of felons in possession is to take verbiage from the opinion farther than intended. The Court was not asked to decide this issue in either ***Bruen*** or ***Heller*** and therefore

---

[1]Defendant questions whether the Dissent's examples of "analogous" groups [see p. 35, ftnt 2] are actually analogous for purposes of ***Bruen***. It comments on native Americans, individuals charged with treason or aiding a rebellion and some Tory sympathizers in the history of our country as being denied the right to possess firearms. Such groups appear far afield from individuals convicted of a violent/non violent felony.

[2]The wording of the Second Amendment does not so limit its protections to law abiding citizens but rather to the "people". ***Heller*** expressly held "the people . . . unambiguously refers to all members of the political community, not an unspecified subset." 554 U.S. at 580-81.

4

did not do so. Government's arguments to the contrary are not persuasive here when they are not backed up with the type of historical analysis now required under ***Bruen***. They are only conclusions unsupported by data. The Government has the burden here and it did not provide the Court the needed analysis whether barring a felon from the possession of a firearm is consistent with the history and tradition of firearms regulations. Without such analysis, this Court can not decide the constitutionality of 922 (g) (1).

The Government has the burden here and not the Defendant. Without providing the detailed historical analysis addressing the questions posited by the ***Atkinson*** majority, it cannot sustain its burden. The Government cannot avoid the ambiguity, uncertainty or closeness in call generated by conclusions in a general summary and prevail in its argument that 18 U.S.C. §922 (g) (1) withstands a constitutional challenge. Defendant asks the denial of his Motion to Dismiss be reconsidered in light of ***Atkinson*** for further proceedings.

Respectfully submitted,

Ss//Donna Hickstein-Foley
Attorney for the Defendant

9644 South Hamilton
Chicago, IL 60643-1631
773 881 3800