UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEVON FREEMAN | Case No. 23 CR 158<br><br>Judge Robert Gettleman |

**GOVERNMENT'S MOTION FOR EXTENSION OF TIME**

The UNITED STATES OF AMERICA, by its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, moves this Court for a 32-day extension of time, to and including August 7, 2023, to file its response to defendant's motion to reconsider.

1. Defendant has been charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Dkt. 1.

2. On May 3, 2023, defendant filed a motion to dismiss the indictment, arguing that Section 922(g)(1) is unconstitutional under the Second Amendment, based on *New York State Rifle & Pistol Ass'n v. Bruen,* 142 S. Ct. 2111 (2022). Dkt. 27.

3. On May 22, 2023, the government filed its response to the motion to dismiss, arguing that nothing in the Supreme Court's *Bruen* decision casts doubt on the ability of the federal government to prohibit convicted felons, including defendant, from possessing a firearm. Dkt. 28. In particular, the government argued that under *Bruen's* "text and history" test, § 922(g)(1) remains a permissible restriction on firearms possession because felons do not fall within the textual purview of the Second Amendment, and even if they did, § 922(g)(1) is still

constitutionally permissible because the statute is consistent with this nation's historical regulation of firearms. The government's response described those historical regulations, including through reference to judicial opinions on the subject.

4. The court denied defendant's motion on June 1, 2023, agreeing with the government that the Second Amendment right to keep and bear arms "repeatedly contemplates 'law-abiding' citizens", and that the government has "historically regulated firearm possession by individuals with felony convictions." Dkt. 30. The Court noted that the Seventh Circuit's prior decisions "suggest that § 922(g)(1) and similar regulations are constitutional pursuant to longstanding legislative efforts to prevent dangerous or untrustworthy persons from possessing and using firearms." Dkt. 30.

5. On June 30, 2023, defendant filed a motion to reconsider, arguing that the Seventh Circuit's decision in *Atkinson v. Garland* (--- F.4th ----, 2023 WL 4071542 (7th Cir. June 20, 2023)) demands a more detailed historical analysis of the constitutionality of § 922(g)(1). Dkt. 32.

6. Currently, the government's response to defendant's motion to reconsider is due on July 24, 2023. This motion is submitted in support of a request that the time for filing the response be extended 32 days, to and including August 7, 2023.

7. The government believes that additional time will allow the Court to incorporate and address more recent judicial decisions in this rapidly developing area

2

of the law. Further, on the part of the government, the additional time will give its counsel sufficient opportunity to ensure its supplemental briefing is both comprehensive and consistent with other filings in related matters involving the Department of Justice.

8. The government reached out to defense counsel regarding the motion, but has not yet heard back. This motion is not brought for the purpose of delay and I will give due diligence and priority to preparing the government's response.

## CONCLUSION

For the reasons stated above, the government respectfully requests that this Court allow until August 7, 2023, for the government to file its response to defendant's motion to reconsider.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

Dated: July 7, 2023   By:   /s/ *Megan E. Donohue*
MEGAN E. DONOHUE
Assistant United States Attorney
219 S. Dearborn St., Rm. 500
Chicago, IL  60604
(312) 353-1877